[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12816

_____

D.C. Docket No. 9:13-cv-80831-KAM


ALTMAN CONTRACTORS, INC.,
a Florida corporation,

Plaintiff - Appellant,

versus

CRUM & FORSTER SPECIALTY INSURANCE COMPANY,
an Arizona company,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 26, 2018)

Before JORDAN and FAY, Circuit Judges, and FRIEDMAN,[*] District Judge.

_____

[*]The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

PER CURIAM:

This case returns to us after our certification of a dispositive question of state law to the Florida Supreme Court.  For background, we refer the reader to our previous opinion in this case, *Altman Contractors, Inc. v. Crum & Forster Specialty Ins. Co.*, 832 F.3d 1318 (11th Cir. 2016).  In that opinion, we certified the following question:

> Is the notice and repair process set forth in Chapter 558 of the Florida Statutes a "suit" within the meaning of the CGL policies issued by C&F to ACI?

*Id.* at 1326.  The Florida Supreme Court answered this question in the affirmative, explaining that "[a]lthough the chapter 558 process does not constitute a 'civil proceeding,' it is included in the policy's definition of 'suit' as an 'alternative dispute resolution proceeding' to which the insurer's consent is required to invoke the insurer's duty to defend the insured."  *Altman Contractors, Inc. v. Crum & Forster Specialty Ins. Co.*, --- So. 3d ---, No. SC16-1420, 2017 WL 6379535, at *5 (Fla. Dec. 14, 2017).  The Florida Supreme Court did "not address whether, in this case, C&F consented to [ACI's] participation in the chapter 558 process because it [was] outside the scope of the certified question and an issue of fact disputed by the parties." *Id.*

The Florida Supreme Court, therefore, reached a different conclusion than did the district court regarding whether chapter 558 constitutes an alternative

2

dispute resolution proceeding (and accordingly a "suit" under the CGL policies at issue). *Compare id. with Altman Contractors*, 832 F.3d at 1325 (explaining district court's holding that chapter 558 is not an alternative dispute resolution proceeding and, therefore, not a 'suit' under the CGL policies). Because "state courts are the ultimate expositors of state law," *Reaves v. Sec'y, Fla. Dept. of Corr.*, 717 F.3d 886, 903 (11th Cir. 2013), the Florida Supreme Court's determination on this point is dispositive. Given the benefit of this answer to our certified question, we reverse the grant of summary judgment in favor of C&F, vacate the final judgment, and remand this case to the district court for further proceedings. We thank the Florida Supreme Court for accepting, and answering, the certified question.

**REVERSED, VACATED AND REMANDED.**